FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2008 APR 15 PM 1:19

-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANK J. POVOSKI, JR., 05-B-2531,

        Plaintiff,

-v-

STEVEN E. SMALL, DOUGLAS ROSE,
THOMAS EMERY, S. J. SIMMETTI,
SCIORTINO, CAYWARD,
JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4,
JOHN DOE 5, JOHN DOE 6,
JOHN DOE 7, JOHN DOE 8,
JOHN DOE 9, JOHN DOE 10,
JOHN DOE 11, and
JOHN DOE 12,

        Defendants.

**DECISION AND ORDER**
07-CV-6038Fe

---

FRANK J. POVOSKI, JR., 05-B-2531,

        Plaintiff,

-v-

DENISE MICHEL,
JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4,
JOHN DOE 5, JOHN DOE 6,
JOHN DOE 7, JOHN DOE 8,
JOHN DOE 9, JOHN DOE 10,
JOHN DOE 11, and
JOHN DOE 12,

        Defendants.

**DECISION AND ORDER**
07-CV-6548P

## IN FORMA PAUPERIS

In Civil Action Number 07-CV-6548P, plaintiff has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has met the statutory requirements. Accordingly, the plaintiff's request to proceed in this Court as a poor person is hereby granted.

## COMPLAINT IN 07-CV-6548

In addition, the plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. § 1915(e)(2) criteria. Plaintiff alleges that New York State Police Officer Denise Michel, together with New York State Police Officers John Does 1 - 4 illegally obtained an arrest warrant on November 4, 2004. In the course of executing the arrest warrant, Webster Police Officers John Does 5 - 8 allegedly assaulted plaintiff and caused physical injury. Plaintiff further claims that Webster Police Officers John Does 9 - 12 deliberately denied him medical care for the injuries plaintiff sustained.

It may be that plaintiff may fail to prove his claims, but the Court's uncertainty that plaintiff will ultimately succeed on the merits is no justification for a dismissal at this stage of the case. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *and see McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). Plaintiff has alleged that he was falsely arrested without probable cause. It may be that the question of probable cause has been

litigated in the state court in a criminal proceeding. Nevertheless, the Court cannot say at this stage that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief,'" *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), the complaint may go forward as pleaded.

## CONSOLIDATION

Plaintiff has another case in this Court, Civil Docket Number 07-CV-6038Fe, in which plaintiff also raises claims against Webster Police Officers and alleges that plaintiff suffered several incidents of excessive force and search without warrant. In both cases, plaintiff alleges a course of conduct of retaliation by members of the Webster Police Department and area law enforcement officers. In the first action, 07-CV-6038Fe, plaintiff has filed an amended complaint in which he identifies some of the John Doe defendants named in that action.

When actions involve common questions of law or fact, such as these two actions by plaintiff, the Court may consolidate the actions and make any such orders regarding them "as may tend to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). Accordingly, plaintiff's two actions shall be consolidated into a single action under the earlier case number 07-CV-6038Fe, and the complaint in case number 07-CV-6548 shall be deemed a Supplemental Complaint in 07-CV-6038Fe.

3

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed in forma pauperis is granted;

FURTHER, that case numbers 07-CV-6038Fe and 07-CV-6548 are consolidated as case number 07-CV-6038Fe;

FURTHER, that all papers filed in case number 07-CV-6548 shall be papers in case number 07-CV-6038Fe, and, henceforth, all papers shall be filed in case number 07-CV-6038Fe;

FURTHER, that the complaint submitted in 07-CV-6548 is deemed a Supplemental Complaint in case number 07-CV-6038Fe;

FURTHER, that the operative pleading in 07-CV-6038Fe is deemed to consist of both the Amended Complaint in 07-CV-6038 (Docket No. 8) together with the complaint filed in 07-CV-6548;

FURTHER, that the Clerk of the Court is directed amend the caption to the action to reflect the consolidation and the addition of named defendants;

FURTHER, that the Clerk of the Court is directed to add the identified defendants to the caption, and to cause the United States Marshal to serve copies of the Summons, Complaint (Amended Complaint (Docket No. 8 and the Supplemental Complaint from 07-CV-6548, taken together), and this Order upon Denise Michal, Steven E. Small, Douglas Rose, Thomas Emery, S. J. Simmetti,

Sciortino, and Cayward without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that the Clerk of the Court is directed to close case number 07-CV-6548;

FURTHER, that plaintiff is directed to identify the "John Doe" defendants through discovery as soon as possible, and then apply to this Court for an order directing amendment of the caption and service on these defendants as soon as they has been identified; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint..

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:   April 14, 2008