UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FRANK J. POVOSKI, JR., 05 B 2531,

                            Plaintiff,

                                                         DECISION AND ORDER
             -v-                                                    07-CV-6038 CJS

STEVEN E. SMALL, et al.,

                            Defendants.
_____

This is an action brought pursuant to 42 U.S.C. § 1983, in which Plaintiff is suing various law enforcement personnel, asserting claims under 42 U.S.C. § 1983, as well as various intentional tort claims under New York State law. Now before the Court are the following applications: 1) Plaintiff's motion to amend the complaint (Docket No. [#32]); and 2) Defendants' cross-motion for summary judgment [#35]. For the reasons that follow, Plaintiff's application is denied, Defendants' application is granted, and this action is dismissed.

PROCEDURAL HISTORY

On January 22, 2007, Plaintiff commenced this action. The Complaint purported to state claims against police officer Steven E. Small ("Small") and seven[1] "John Doe" defendants. The claim against Small and John Doe #1 concerned an alleged use of excessive force that occurred on September 23, 2003, more than three years prior to the filing of the complaint. The claims against John Does 2-6 concerned events that allegedly occurred on January 21, 2004, also more than three years prior to the filing of the

---

[1] The Complaint lists a John Doe #8 in the caption, but the Complaint contains no factual allegations concerning such a defendant.

complaint. The claims against John Doe #7 concerned an incident that allegedly occurred on January 7, 2005. On November 6, 2007, prior to serving the original Complaint, Plaintiff filed additional claims against twelve more John Doe defendants, arising from an incident that allegedly occurred on November 4, 2004.[2] On April 3, 2008, Plaintiff filed an Amended Complaint [#8], which purported to identify five of the previously-named John Doe defendants: 1) Douglas Rose; 2) Thomas Emery; 3) S.J. Simonetti; 4) Officer Sciortino; and 5) Officer Cayward. On April 15, 2008, the Court granted [#9] Plaintiff's application to proceed *in forma pauperis*, and directed the Clerk of the Court to provide Plaintiff with blank summons forms, which the Clerk did on April 23, 2008. Approximately four months later, on or about August 19, 2008, Plaintiff returned the completed summonses to the Clerk of the Court, who issued the summonses and provided them to the United States Marshal for service. In approximately early September 2008, all of the named defendants were served with a summons and complaint. On May 4, 2009, Plaintiff filed the subject motion [#32] to amend the complaint to identify the remaining John Doe defendants. On June 2, 2009, Defendants filed the subject cross-motion, contending that the motion to amend should be denied on the grounds of futility, and that Defendants should be granted summary judgment because, *inter alia*, the claims are time-barred. Along with the motion, Defendants served the *pro se* Plaintiff with an *Irby* notice. Pursuant to the Court's motion scheduling order [#31], Plaintiff was required to file any opposition to the summary judgment motion on or before June 26, 2009. To date, the Court has not received any response from Plaintiff.

---

[2]These claims were filed in a separate action, 07-CV-6548, which was later consolidated with the instant action.

2

FACTUAL BACKGROUND

The undisputed facts of the case are sufficiently set forth in Defendants' Statement of Material Facts [#35-2], which the Court adopts. Significantly, such facts establish that all of Plaintiff's claims and proposed claims are untimely under the relevant statutes of limitations.

DISCUSSION

*Plaintiff's Motion to Amend*

It is well-settled that "[l]eave to file an amended complaint shall be freely given when justice so requires, Fed.R.Civ.P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); internal quotation marks omitted). In this case, Defendants maintain that the proposed amendment would be futile, since all of Plaintiff's claims are time-barred. On the undisputed facts of record, the Court agrees. Consequently, Plaintiff's motion to amend [#32] is denied.

*Defendants' Summary Judgment Motion*

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie

3

showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996). Once that burden has been established, the burden shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To carry this burden, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The parties may only carry their respective burdens by producing evidentiary proof in admissible form. FED. R. CIV. P. 56(e). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Here, Defendants have established that all of Plaintiff's claims are time-barred under the relevant statutes of limitation. In that regard, Defendants have shown that the claims

4

were either time-barred when originally filed, or that the proposed amended claims would be time-barred because they do not "relate back" to the commencement of the action, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. As mentioned earlier, Plaintiff has not disputed Defendants' statement of facts or otherwise demonstrated the existence of any triable issue of fact. Accordingly, Defendants' cross-motion for summary judgment [#35] is granted.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend the complaint [#32] is denied, Defendants' cross-motion for summary judgment [#35] is granted, and this action is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated:   February 3, 2010
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge